UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

December 1, 2023

LETTER TO ALL COUNSEL OF RECORD

    Re:  *Kimberly T. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration* Civil No. 23-01063-CDA

Dear Counsel:

    On April 19, 2023, Plaintiff Kimberly T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. ECF 6; *see* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 11) and the parties' briefs (ECFs 12, 13 & 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains my rationale.

    I.    **PROCEDURAL BACKGROUND**

    Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on October 12, 2020, alleging a disability onset of January 9, 2020. Tr. 71–73. Plaintiff's claims were denied initially and on reconsideration. Tr. 71, 88. On June 9, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 35–64. Following the hearing, on June 28, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 9–34. The Appeals Council denied Plaintiff's request for review on February 14, 2023, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

    II.    **THE ALJ'S DECISION**

    Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520. "Under this process,

---

[1] 42 U.S.C. §§ 301 et seq.

an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "ha[d] not engaged in substantial gainful activity since January 9, 2020." Tr. 15. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "[p]osttraumatic stress disorder ("PTSD"), anxiety disorder, and depression . . . ." Tr. 15. The ALJ also determined that Plaintiff suffered from the non-severe impairments of migraines, hypertension, obesity, and obstructive sleep apnea ("OSA"). Tr. 15–16. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 16. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant could perform simple, routine tasks, with no production rate for pace of work (e.g., assembly-line work) and can tolerate occasional interaction with the general public, co-workers, and supervisors.

Tr. 20. The ALJ determined that Plaintiff was unable to perform past relevant work as a project manager (DOT[2] #189.117–030, sedentary, skilled, SVP 8), an administrative assistant (DOT #169.167–010, sedentary, skilled, SVP 7), and as an editorial writer (DOT #131.067–022, sedentary, skilled, SVP 8), but could perform other jobs that existed in significant numbers in the national economy. Tr. 26. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 28.

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed

---

[2] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.   ANALYSIS

Plaintiff raises four arguments on appeal. Plaintiff's first two arguments allege that the ALJ failed to properly evaluate the medical opinion from both Sonja Varner-Alston, LCMFT and Wesley Dickerson, M.D. ECF 12, at 6. Plaintiff then contends that the ALJ failed to properly evaluate the underlying medical evidence from the Department of Veterans Affairs ("VA"). ECF 12, at 6. Finally, Plaintiff argues that the ALJ's RFC finding was unsupported by substantial evidence. ECF 12, at 6. Defendant counters that the ALJ properly evaluated the medical opinions and substantial evidence properly supported the ALJ's conclusion. ECF 13, at 9, 13–14.

The Court limits its focus to Plaintiff's third argument, which is dispositive. The Court agrees with Plaintiff's contention that that "the ALJ failed to properly evaluate the evidence underlying the VA's disability rating and therefore erred . . . ." ECF 12, at 20. It is true that SSA rules no longer require the ALJ "to consider—much less discuss or accord any weight to—the VA's disability determination" for claims filed on or after March 27, 2017. *Rogers v. Kijakazi*, 62 F.4th 872, 878 (4th Cir. 2023); *see also* 20 C.F.R. § 404.1504. However, this new rule does not change the ALJ's duty to "consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that [the SSA] receive[s] as evidence in [the] claim in accordance with § 404.1513(a)(1) through (4)." *Rogers*, 62 F.4th at 878; *see also Nicole C. v. Kijakazi*, No. JMC-22-02123, 2023 WL 4027481, at *5–6 (D. Md. June 15, 2023).

As *Rogers* confirms, the ALJ must analyze the underlying evidence supporting the VA's disability determination. 62 F.4th at 881. Where that underlying evidence is relevant to the ALJ's determination, the ALJ's consideration of it should be apparent. *See Id.* (citations omitted) ("Of course, to the extent that the VA's disability determination relied on the [medical] evidence, the new SSA rules required the SSA ALJ to consider that evidence . . . the ALJ was compelled by Social Security Ruling No. 96-8p to consider the [medical] evidence, as it obviously is relevant to [claimant's] ability to do sustained work-related activities on a regular and continuing basis."); *Nicole C.*, 2023 WL 4027481, at *5–6 (remanding the ALJ's denial of disability based on the ALJ's failure to adequately consider all of the medical evidence underlying the VA's disability determination).

Here, it is not apparent whether the ALJ considered the VA's underlying medical evidence. *See* ECF 11, at 25. The ALJ "took note of the disability ratings issued by the department of Veterans' Affairs," citing to Exhibits 15E and 4F/58–62, but then went on to disregard this determination. Specifically, the ALJ provided the following analysis:

> VA disability examiners employ a different standard for determining disability than the Social Security Administration. VA disability ratings are issued on the basis of

> the extent to which an individual's medically determinable impairments are connected to their service in the military, whereas the Social Security Administration bases its disability determinations on whether or not the claimant's medically determinable impairments prevent them from working. Therefore, the VA disability ratings are not relevant to the present case.

ECF 11, at 25. Although the ALJ is correct, under *Rogers* and the new SSA rules, that considering or discussing the VA's *determination* is not required, he or she must examine the evidence underlying the VA's decision. 62 F.4th at 878; *see also* 20 C.F.R. § 404.1504. Here, it is unclear whether the ALJ considered the VA's underlying evidence for its disability determination. The ALJ does not mention or reference the multiple encounters within the medical record concerning Plaintiff's various impairments and medical diagnoses and how they may have impacted the ALJ's determination. For example, on more than one occasion, Plaintiff's PTSD diagnosis impaired Plaintiff's work, school, family relations, judgment, thinking, and mood. Tr. 374–35, 377–78. Furthermore, it is unclear to the Court whether the ALJ evaluated any of the underlying evidence from the disability determination, including: evaluation of Plaintiff's depressed and disturbed mood, chronic sleep impairment, difficulty in establishing relationships, neglect of personal appearance and hygiene, recurring and intrusive memories, dissociative reactions, or intense or prolonged psychological distress. Tr. 368–91.

This evidence is clearly substantial and should have been considered. *Rogers*, 62 F.4th at 881; *Nicole C.*, 2023 WL 4027481, at *5–6. Without any mention of the underlying evidence, this Court cannot determine if the ALJ considered it in accordance with § 404.1513(a)(1) through (4). Appropriate judicial review is frustrated. *Rogers*, 62 F.4th at 881; *see also Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019) (concluding that an SSA ALJ erred by failing "to discuss what appears to be a substantial portion of the record," regardless of whether the ALJ was ultimately "[r]ight or wrong" in deciding not to credit that evidence); *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 388-89 (4th Cir. 2021) (recognizing similar error resulting from ALJ's failure to address "considerable" and "relevant evidence").

Defendant concedes that despite there no longer being a requirement to weigh the VA's disability determination, "adjudicators must continue to consider [all] of the supporting evidence underlying a VA decision." ECF 13, at 12 (internal quotation marks omitted). Also conceding that the ALJ "did not provide any analysis," the Defendant notes that the underlying evidence pre-dates Plaintiff's disability onset date. ECF 13, at 12–13. That fact does not salvage the ALJ's approach. *See Lewis v. Saul*, No. DCN-19-02298, 2021 WL 1040512, at *3 (D.S.C. Mar. 18, 2021) (alternations in original) ("An ALJ's failure to consider pre-disability onset date evidence is contrary to the clear instruction of the Social Security regulations and the relevant case law. The Social Security regulations provide that an ALJ "will consider all evidence in [a claimant's] case record when [making] a determination or decision whether [the claimant is] disabled." 20 C.F.R. § 404.1520(a)(3)."). "All evidence" under § 404.1520(a)(3) includes medical records pre-dating a claimant's alleged onset date. *Lewis*, 2021 WL 1040512, at *3 (internal citations omitted) ("[W]here evidence predating the alleged date of disability is made part of the record, the regulations require the Commissioner to consider that evidence.")); *see Cotton v. Colvin*, No. FL-

14-425, 2015 WL 5714912, at *3 (E.D.N.C. Sept. 29, 2015) (quoting *Vandenboom v. Barnhart*, 421 F. 3d 745,750 (8th Cir. 2005))("[T]here is no valid reason to exclude consideration of medical records dated prior to [the] alleged date of onset.").

Failure to consider the pre-disability onset date evidence is both error and not harmless. A denial of benefits is not supported by substantial evidence if the ALJ "has [not] analyzed all evidence and . . . sufficiently explained the weight he has given to obviously probative exhibits." *Lewis*, 2021 WL 1040512, at *3 (quoting *Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984)). Because it is unclear whether the ALJ properly analyzed Plaintiff's record, including evidence underlying the VA's disability determination, the Court cannot determine whether the ALJ's decision was supported by substantial evidence. It is possible that appropriate consideration of the evidence in the VA records could impact Plaintiff's RFC and, as a result, the determination of whether Plaintiff is disabled under the SSA. Remand is necessary to permit consideration of all relevant evidence of record, including pre-disability onset evidence and the underlying evidence supporting the VA's disability score, before making Plaintiff's disability determination.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.    CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge