UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF　　　　　　　　　　　　　　　　　　　　　　　　101 WEST LOMBARD STREET
CHARLES D. AUSTIN　　　　　　　　　　　　　　　　　　　　　　BALTIMORE, MARYLAND 21201
UNITED STATES MAGISTRATE JUDGE　　　　　　　　　　　　　　　　TELEPHONE (410) 962-7810
　　　　　　　　　　　　　　　　　　　　　　　　　　MDD_CDACHAMBERS@MDD.USCOURTS.GOV

May 21, 2025

LETTER TO ALL COUNSEL OF RECORD

RE:　*Kimberly T. v. Kijakazi*
　　　Civil No.: 23-1063-CDA

Dear Counsel:

　　Plaintiff, through counsel, Joseph Frydman[1], filed a motion seeking payment of $8,325.00 in attorney's fees, based on 33.3 hours of services at $250.00 per hour, pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 17, at 1, 3. The Commissioner opposes Plaintiff's motion with respect to the attorney's fees and "suggests a reduction to $5,259.33 (which reflects a reduction in the hourly rate to $244.62, and a reduction to 21.5 billable hours total)." ECF No. 18, at 11. Plaintiff filed a reply. ECF No. 19. Plaintiff's counsel "adjusted his original timesheet to reflect the Commissioner's proposed hourly rate"[2] and "subtract non-compensable 'clerical tasks.'" *Id.* at 11. He also requested an additional 6.5 hours for preparing the reply, which brings the total fee requested to $ 9,400.20. *Id.* The undersigned has considered the relevant filings and finds that no hearing is necessary. *See* Loc. R. 105. (D. Md. 2021). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded $6,682.62 in fees.

　　Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the Court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Crawford*, 935 F.2d at 656 (citing 28 U.S.C. § 2412).

　　Once it "determines that a plaintiff has met the threshold conditions for an award of fees

---

[1] "Mr. Frydman has over 13 years of experience with the Social Security Administration related to disability appeals, which includes review of requests for voluntary remand, creating trainings related to substantive issues, and drafting SSA policy." ECF No. 18, at 9-10.

[2] The Commissioner "requests … an hourly rate of no more than $244.62 for work completed in 2023, and $247.61 for work completed in 2024." ECF No. 18, at 6. Counsel revised the timesheet applying $244.95 per hour for time billed in 2023 and $247.61 per hour for time billed in 2024. ECF No. 19-1. Because the reply suggests that the Commissioner's proposed hourly rate would be adopted, the undersigned will apply the hourly rate of $244.62 for work completed in 2023, and $247.61 for work completed in 2024.

and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id*. at 434 (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Furthermore, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

The Supreme Court explains that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. A district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*. at 434. Hours are not reasonably expended if they are "excessive, redundant, or otherwise unnecessary." *Id*. Other relevant factors include (1) the novelty and complexity of the issues presented, (2) the length of the administrative record, (3) the experience and skill of the attorney, and (4) the typical range of compensated hours in Social Security cases. *See Roth v. Comm'r, Soc. Sec.*, No. SAG-14-62, 2015 WL 567168, at *2-3 (D. Md. Feb. 10, 2015). Billing hours deemed reasonable by courts in Social Security appeals often fall the range of twenty to forty hours. *See Duane H. v. Comm'r*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022).

Here, the Commissioner does not dispute that Plaintiff qualifies for attorney's fees under the EAJA. ECF No. 18, at 1. However, the Commissioner "requests a significant reduction in fees to exclude those hours that were not reasonably expended and are not properly billable." *Id*. at 4. The Commissioner first seeks adjustment to Plaintiff's request for non-compensable clerical time. Plaintiff's counsel removed from the timesheet 1.5 hours related to preparing engagement agreement and complaint, ECF filing and emailing with referring administrative attorney. ECF No. 19-1. The undersigned declines to further reduce the billing of time for the litigation-initiating tasks and for communicating with client, as they appear to be reasonable. *See, e.g.*, *April. J. v. Kijakazi*, No. CV 21-1584-BAH, 2022 WL 4017381, at *4 (D. Md. Sept. 2, 2022) (finding that "billed communication with Plaintiff is reasonable in this case").

The Commissioner next emphasizes that Plaintiff raises no novel questions and, because of the limited complexity of the issues, a reduction of the time billed for legal research and briefing is justified. ECF No. 18, at 8. "[S]everal courts in this District have held that cases are not complex where parties raise arguments that are commonly litigated or frequently raised." *Jermaine G. v. Kijakazi*, No. GLS-21-2445, 2023 WL 5346140, at *3 (D. Md. Aug. 21, 2023) (citing *Duane H. v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-20-3673, 2022 WL 2532425 (D. Md. July 7, 2022)); *Larry W. v. Soc. Sec. Admin.*, Civ. No. SAG-19-3089, 2021 WL 2685364 (D. Md. June 30, 2021); *Kirk T. v. Saul*, 489 F. Supp. 3d 411, 416 (D. Md. 2020)). In this case, the opening brief presents four arguments, all of which are common to Social Security benefits appeals. *See*, *e.g.*, *Adrianna S. v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-20-3136, 2022 WL 112034, at *1-2 (D. Md. Jan. 12, 2022) (analyzing medical opinions). The routine nature of this case warrants a reduction of 2.0

hours from time billed for legal research and briefing.

The Commissioner also challenges time Plaintiff's counsel spent on reviewing of the certified administrative record (also known as CAR or transcript). ECF No. 18, at 9. According to the Commissioner, 10.2 hours were spent on transcript review. *Id*. The record of this case is about 933 pages long, and about 631 pages are medical records. ECF No. 11. However, the Social Security Administrative Record is routinely produced electronically in Social Security appeal cases, and the electronic files filed in each case are normally organized, indexed, and labelled following a standard format. For example, the exhibit numbers for medical records usually begin with 1F, 2F, etc.; the exhibit numbers for documents concerning non-disability related development, such as earning records, usually begin with 1D, 2D, etc. *Id*. Moreover, each set of records begins with a coversheet which includes a list of exhibits, and each exhibit has a number, a description (which also serves as a hyperlink to that exhibit), page range, and number of pages. *See*, *e.g*., ECF No. 11-8, at 1. Most, if not all, of the files are searchable. Therefore, a legal professional ordinarily skilled in Social Security appeals can locate pertinent files or information without thoroughly reviewing every page of the entire record. *Martin v. Kijakazi*, 689 F. Supp. 3d 218, 230 (E.D. Va. 2023) (granting a reduction "reflecting one minute of compensation per four pages of the record" and noting that "[n]ot every page of the record requires a thorough review by counsel, and many require no more than a cursory glance."). A reduction of attorney hours related to record review therefore is warranted, and the undersigned will reduce Plaintiff's request by another 3.5 hours.

Last, with respect to the time billed for the reply, the Plaintiff will be awarded 1.0 attorney hour. *See, e.g*., *April. J.*, 2022 WL 4017381, at *4 (awarding one hour for time spent responding to the Commissioner's opposition concerning Plaintiff's EAJA fee motion).

With the above-noted reductions of attorney time, the result is a final award of $6,682.62 in total:

- 25.8 hours of attorney time ($244.62/hour) in 2023:  $6,311.20
- 1.5 hours of attorney time ($247.61/hour) in 2024: $371.42

Despite this reduction, counsel is advised that EAJA petitions of the reduced amount awarded still falls "significantly above the heartland of (and is sometimes more than double . . . the amount of) recent EAJA fee awards in cases presenting in a similar procedural posture." *Iris C. v. Kijakazi*, No. BAH-21-3183, 2023 WL 5629644, at *1 (D. Md. Aug. 31, 2023) (mentioning an award of $4,904.82 under EAJA); *Ellen C. v. Kijakazi*, No. SAG-22-1698, 2023 WL 4490457, at *1 (D. Md. July 12, 2023) (awarding $5,824.78); *Shecona W. v. Kijakazi*, No. 21-819-SAG, 2023 WL 195471, at *3 (D. Md. Jan. 17, 2023) (quoting *Duane H. v. Comm'r*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022)) (awarding $4,941.85); *see also Catisha W.*, 2022 WL 16839564, at *3 (awarding $4,500.47 on November 9, 2022); *Duane H.*, 2022 WL 2532425, at *2 (awarding $4,836.00 on July 7, 2022); *Sheree Yvette T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-20-2374 (D. Md. June 6, 2022) (awarding $4,538.22); *Yuvetta P. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-368 (D. Md. May 16, 2022) (awarding $2,136.03); *Gregory J. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-236 (D. Md. May 18, 2022) (awarding $2,246.14); *Tracy B. v. Comm'r, Soc. Sec. Admin.*, No. BAH-22-183 (D. Md. June 1, 2022) (awarding $1,500.00); *Margaret C. v.*

*Comm'r, Soc. Sec. Admin.*, No. SAG-21-859 (D. Md. June 1, 2022) (awarding $4,700.00); *Taneicia L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2347 (D. Md. June 23, 2022) (awarding $4,093.70); *Wendy O. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-1614 (D. Md. June 23, 2022) (awarding $4,526.92); *Ashley F. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-872 (D. Md. June 27, 2022) (awarding $2,718.68); *Darrell L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-744 (D. Md. June 27, 2022) (awarding $2,168.16); *Michael T. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2050 (D. Md. June 22, 2022) (awarding $4,325.65); *Christy Y. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2330 (D. Md. June 23, 2022) (awarding $4,242.32); *Melissa Ann B. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-929 (D. Md. June 22, 2022) (awarding $4,460.20).

For these reasons, Plaintiff's Motion for Attorney's Fees will be GRANTED IN PART and DENIED IN PART and Plaintiff will be awarded $6,682.62 in fees. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge